1

2

3                                                                              **\*E-FILED 12/11/08\***

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                       SAN JOSE DIVISION

9

10    MICHAEL COOK,                                    NOS. C 06-1965 RS & C 08-3626 RS

11           Plaintiff,                                **ORDER GRANTING
                                                       DEFENDANT'S MOTION TO**
12       v.                                            **DISMISS**

13    SOCIAL SECURITY ADMINISTRATION, et al.,

14
             Defendants.
15    _____

16    AND RELATED CASE

17    _____/

18                                     I.  INTRODUCTION

19           Plaintiff Michael Cook, a *pro se* prisoner, has filed numerous actions regarding his

20    contention that he is entitled to recover certain Supplemental Social Security Income ("SSI") checks

21    that allegedly were mailed to him from the Social Security Administration ("SSA"), but that he

22    contends he never received.  The Court dismissed each of these prior lawsuits for lack of subject

23    matter jurisdiction for Cook's failure to exhaust administrative remedies.[1]  The Court previously

24    ordered Cook to cease the filing of new complaints regarding this same basic dispute, and to file any

25    additional materials pertaining to it in Case No. C 07-5085 RS.

26           Here, defendant, the United States, once again moves to dismiss two of Cook's complaints

27    _____

28       [1]    *See* June 13, 2007 Order for Case No. C 06-5950 RS; January 28, 2008 Order for
      Case No. C 07-6068 RS and Case No. C 07-6232 RS; and June 24, 2008 Order for Case No. C 07-
      5085 RS.

                                                    1

United States District Court

For the Northern District of California

1  for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be

2  granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant

3  further seeks to have Cook declared a vexatious litigant.  As previously ordered, because Cook is

4  incarcerated, all motions in this action are deemed submitted for disposition without oral argument

5  pursuant to Civil Local Rule 7-1(b).

6                                         II.  DISCUSSION

7  A.     Medical Records

8         Both cases at issue here deal with Cook's request for a copy of his medical records.  Cook

9  provides that he wants all medical records pertaining to his disability mailed directly to him in

10 prison.  Plaintiff alleges that he wrote to the SSA requesting these medical records, but filed Case

11 No. C 06-1965 RS, on March 15, 2006, after not hearing back from the SAA.  On May 26, 2006, the

12 SSA formally responded to Cook's request for medical records.  The SSA informed him that because

13 he is incarcerated, he had to choose someone to receive the medical information and even suggested

14 that he designate either a social worker, a legal aid attorney, or any other responsible individual.

15 Cook, however, did not designate any person to receive his medical information.  Instead, he filed a

16 small claims action in state court, which he removed to federal court as Case No. C 08-3626 RS

17 alleging that he was denied a copy of his medical records.  Cook maintains this happened on April

18 20, 2008, and as a result, seeks $5,000 for pain and suffering.  It appears that both cases relate to

19 Cook's underlying claim in Case No. C 07-5085 RS.  Cook purportedly wants his medical records to

20 aid in his dispute with the SSA about his SSI checks.

21         1.     Case No. C 08-3626 RS

22         To proceed with a tort claim against the United States, Cook must meet two requirements:

23 (1) file a claim with the appropriate federal agency within two years of the claim's accrual; and (2)

24 file suit within six months of administrative denial of the claim.  28 U.S.C. § 2401(b); *Dyniewicz v.*

25 *United States*, 742 F.2d 484, 485 (9th Cir. 1984).  Cook has not met these requirements.  On June

26 23, 2008, Cook filed a small claims action in state court, which he removed to federal court,

27 regarding his medical records.  As noted above, on May 26, 2006, the SSA formally responded to

28 Cook's request for medical records and informed him to pick someone to receive them.  Cook neither

2

United States District Court
For the Northern District of California

1    designated any person to receive his medical information nor filed any additional actions regarding

2    this request until he filed this case in state court in 2008.  Consequently, this case is time barred

3    because it was filed more than two years after the SSA responded to Cook's request for a copy of his

4    medical records.  The case also is time barred because it was filed more than six months after the

5    SSA denied Cook's request.  This case, therefore, is dismissed with prejudice.

6           2.    Case No. C 06-1965 RS

7           A claim under the Federal Tort Claims Act ("FTCA") requires that Cook first exhaust his

8    administrative remedies.  28 U.S.C. § 2675(a).  If he has not exhausted the administrative claims

9    procedure required under the FTCA, Cook's case must be dismissed for lack of subject matter

10   jurisdiction.  *McNeil v. United States*, 508 U.S. 106, 111 (1993).  Cook may not bring a suit against

11   the United States unless it first is brought before the appropriate federal agency and then finally

12   denied.  *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986).  If the claim is not presented

13   before commencing suit in federal court, it must be dismissed even if it is denied subsequently by

14   the appropriate federal agency.  *McNeil*, 508 U.S. at 113.

15          Cook acknowledges in his complaint that he never filed an administrative claim as a result of

16   the SSA's failure to provide him with a copy of his medical records.  In any event, this case was

17   premature because Cook filed it on March 15, 2006, which was before the SSA responded to his

18   request on May 25, 2006.  Because the claim procedure must be exhausted prior to commencing a

19   suit in federal court, the case is dismissed with prejudice for lack of subject matter jurisdiction.

20          3.    Failure to State a Claim Upon Which Relief Can be Granted

21          Finally, even if Cook's cases were not time barred or lacked subject matter jurisdiction,

22   neither states a claim upon which relief can be granted.  The alleged failure to provide Cook with a

23   copy of his medical records is not a tort that is actionable under the laws of the United States.  While

24   Cook may have the right to serve a document request in connection with his pending lawsuit (Case

25   No. C 07-5085 RS), he does not have a basis to initiate a separate litigation to obtain them.  Both

26   cases, therefore, are dismissed with prejudice.

27   B.    Case No. C 07-5085 RS

28          As both cases at issue here appear to relate to Cook's underlying dispute with the SSA

3

1  regarding his SSI checks, the Court reiterates that Cook has not exhausted his administrative

2  remedies in Case No. C 07-5058 RS.  As presented in its June 24, 2008 Order in that case, under

3  Rule 12(b)(1), subject matter jurisdiction must exist at the time Cook files his complaint.  *Morongo*

4  *Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  "If

5  jurisdiction is lacking at the outset, the district court has no power to do anything with the case

6  except dismiss."  *Id*. (citation and quotation omitted).  The SSA regulations provide that Cook must

7  complete a four-step administrative review process to obtain a judicially reviewable final decision

8  before this Court.  20 C.F.R. § 416.1400(a).

9         The third stage of the SSA's administrative review process is a hearing before an

10  administrative law judge, which Cook participated in on June 24, 2008, regarding his underlying

11  claim that he is entitled to recover SSI checks.  *Id.*, § 416.1400(a)(3).  On July 22, 2008, the ALJ

12  rejected his claim, finding that he was ineligible to receive benefits during the relevant periods of

13  time due to his incarceration.  Because Cook was dissatisfied with the ALJ's decision, he requested a

14  review before the Appeals Council as part of the fourth stage of the SSA's administrative review

15  process.  *Id.*, § 416.1400(a)(4).  If he does not prevail before the Appeals Council, he may then

16  request judicial review in federal court.  *Id.*, § 416.1400(a)(5).  At this juncture, Cook still has not

17  exhausted his administrative remedies.

18  C.     Vexatious Litigant

19         Defendant seeks to have Cook declared a vexatious litigant due to his numerous separate

20  suits against the SSA regarding the same underlying claim with his SSI checks.  Flagrant abuse of

21  the judicial process cannot be tolerated because it enables one person to preempt the use of judicial

22  time that properly could be used to consider the meritorious claims of other litigants.  *De Long v.*

23  *Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Orders restricting a person's access to the courts

24  must be based on adequate justification supported in the record and narrowly tailored to address the

25  abuse perceived.  *Id*. at 1149; *see In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007).  A pre-filing

26  "injunction cannot issue merely upon a showing of litigiousness."  *Moy v. United States*, 906 F.2d

27  467, 470 (9th Cir. 1990).  The plaintiff's claims must not only be numerous, but also be patently

28  without merit.  *Id*.

4

**United States District Court**
For the Northern District of California

1    A district court must apply the following guidelines before ordering pre-filing restrictions:

2    (1) the litigant must be provided with an opportunity to oppose the order before it is entered because

3    due process requires notice and an opportunity to be heard; (2) the court must create a record for

4    review which includes a list of all cases and motions that led it to conclude that a vexatious litigant

5    order was needed as the record must reflect, in some manner, that the litigant's activities were

6    numerous or abusive; (3) the court must make substantive findings as to the frivolous or harassing

7    nature of the litigant's actions, and it must find the litigant's claims frivolous after looking at both the

8    number and content of the filings as indicia of frivolousness, or, alternatively, find that the claims

9    show a pattern of harassment; and (4) the order must be narrowly tailored to fit closely the specific

10   vice encountered, for an order preventing a litigant from filing any further actions without leave of

11   court is overly broad and cannot stand. *De Long*, 912 F.2d at 1147-48; *Moy*, 906 F.2d at 470-71.

12   At this stage, the record does not support a finding of frivolousness or harassment. While

13   Cook has, indeed, demonstrated a failure to read prior orders of this Court carefully and to follow

14   the Court's direction not to file additional unwarranted lawsuits, his conduct does reflect an attempt,

15   albeit in a procedurally deficient manner, to litigate his underlying claim. If defendant wishes to

16   pursue an entry of a vexatious litigant order against Cook, it shall: (1) file a separate noticed motion

17   to allow Cook an opportunity to be heard; (2) create a substantive list of all cases and motions Cook

18   has been involved with or has initiated; (3) submit a proposed order tailored to fit Cook's claims; and

19   (4) follow any other applicable federal precedent.

20                                   III.  CONCLUSION

21   Accordingly, the motion to dismiss Case No. C 06-1965 RS and Case No. C 08-3626 RS is

22   granted. As previously set forth in one of the related cases, Cook is reminded that absent a legal

23   obligation to act otherwise, the Court will: (1) disregard any further letters or other documents filed

24   by him pertaining to these actions, whether filed, marked as "received," or sent directly to chambers;

25   and (2) dispose of any document filed as a "motion" by minute order stating only "motion denied."

26

27

28

1        IT IS SO ORDERED.

2

3   Dated: December 11, 2008

4                                                    RICHARD SEEBORG
                                                     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
NOS. C 06-1965 RS & C 08-3626 RS

6

**United States District Court**

For the Northern District of California

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

3 **AND A COPY OF THIS ORDER WAS MAILED TO:**

4 Michael Charles Cook
T-79529
5 High Desert State Prison
P. O. Box 3030
6 Susanville, Ca 96127-3030

7

8

9 **Dated: 12/11/08**                                    **Richard Wieking, Clerk**

10

11                                                           **By:**        **Chambers**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
NOS. C 06-1965 RS & C 08-3626 RS